IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION
FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2005 APR 22 A 10: 09



JERRY McCUMBERS,

    Plaintiff,

vs.

Capt. R. ALSTON and
RON CORBITT,

    Defendants.

CIVIL ACTION NO.: CV205-019

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at the Glynn County Detention Center in Brunswick, Georgia, has filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding *in forma pauperis* in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

AO 72A
(Rev 8/82)

7

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C.A. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff names as Defendants Captain Alston and Ron Corbitt. Plaintiff alleges that the disciplinary report he and the other inmates received "was all wrong[. T]hey wrote the D.R. at 15:40 p.m. on 1-10-05[.] But the incident report say's [sic] the time of insubordination was 1545 pm[.] So this means the D.R. was wrote befor crime [sic] was even done[.]" (Compl., p. 5.)

Plaintiff sets forth no factual allegations that the named Defendants are responsible for alleged violations of his constitutional rights. In fact, Plaintiff sets forth no factual allegations that his constitutional rights have been violated. A Plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has not met this requirement, his Complaint should be dismissed.

## CONCLUSION

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1915. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, with prejudice.

So **REPORTED** and **RECOMMENDED**, this 22nd day of April, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

# United States District Court
## Southern District of Georgia

MCCUMBERS )

vs ) CASE NUMBER CV205-19

ALSTON, ET AL ) DIVISION BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 4/22/05, which is part of the official record of this case.

Date of Mailing: 4/22/05

Date of Certificate [X] same date, or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

<u>Name and Address</u>

Jerry McCumbers, Glynn Co. Detention Center, 957842, 1812 Newcastle Street, Brunswick, GA 31520

☐ Copy placed in Minutes
☐ Copy given to Judge
[X] Copy given to Magistrate